FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAYANE RAFAEL MELKONYAN; ERIK KIRAKOSYAN; YOURI KIRAKOSYAN,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1019

Agency Nos.
A220-249-415
A220-249-422
A220-250-050

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2025
Pasadena, California

Before: TALLMAN, IKUTA, and R. NELSON, Circuit Judges.

Gayane Rafael Melkonyan and her two sons, natives and citizens of Armenia

and citizens of France, petition for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an immigration judge (IJ) denying their

applications for asylum as to Armenia and France, statutory withholding of

removal as to France, and relief under the Convention Against Torture (CAT) as to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

France. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the agency's determination that the French government was not unwilling or unable to control the individuals who attacked Melkonyan and her sons, which is dispositive for both asylum and withholding of removal. *See Aden v. Wilkinson*, 989 F.3d 1073, 1081–82 (9th Cir. 2021); *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). The record contained evidence that the French police made multiple efforts to follow up and investigate in response to police reports made by Melkonyan and her son, and that the French police were limited in their investigation because Melkonyan and her sons did not provide them with complete information. Accordingly, the evidence does not compel us to conclude that the French government was unwilling or unable to control the attackers. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam); *Doe*, 736 F.3d at 877–78.

Substantial evidence supports the agency's determination that Melkonyan and her sons were barred from seeking asylum from Armenia because they were firmly resettled in France and did not meet an exception to the firm-resettlement bar. 8 U.S.C. § 1158(b)(2)(A)(vi). Because Melkonyan and her sons failed to demonstrate that the French authorities were or would be unwilling to control the

2

unknown private actors who harmed them, they do not qualify for the restrictive residence exception to the firm-resettlement bar. 8 C.F.R. § 1208.15; *Aden*, 989 F.3d at 1081–82.

Likewise, substantial evidence supports the agency's determination that the attacks on the petitioners did not occur with the acquiescence or willful blindness of the French government and that the French government would not acquiesce in or turn a blind eye to future attacks. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021); 8 C.F.R. § 1208.18(a)(7). Therefore, substantial evidence supports the agency's determination that petitioners have failed to establish the state action needed for CAT relief.

**PETITION DENIED.**